IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| TRI STATE HDWE. INC., | ) | |
| Plaintiff, | ) | No. 06-5020-CV-SW-FJG |
| vs. | ) | |
| JOHN DEERE COMPANY, | ) | |
| Defendant. | ) | |

# ORDER

Currently pending before the Court is Defendant's Motion to Exclude the Designation and Testimony of Plaintiff's Expert and for Extension of Time to Designate its Expert Witness (Doc. No. 40) and its Suggestions in support of the motion (Doc. No. 41).

## I. Background

This is an action arising out of a franchise agreement between the parties in which plaintiff, Tri-State, had an agreement with defendant, John Deere, to sell and service John Deere products. Plaintiff brought a three-count petition alleging that defendant wrongfully terminated plaintiff's franchise, breached the contract between the parties, and interfered with plaintiff's business expectancy.

Plaintiff's expert, a certified public account, provided an opinion relating to damages in this case. (See Report of Nick Myers, Doc. No. 41-2). Defendant has objected to plaintiff's use of this expert in its motion to exclude plaintiff's expert opinion (Doc. No. 40).

## II. Standard of Review

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court interpreted the requirements of Federal Rule of Evidence 702 as they related to

expert testimony. In United States v. Vesey, 338 F.3d 913, 916-17 (8th Cir. 2003), cert. denied, 540 U.S. 1202 (2004), the Court stated:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence, see Arkwright Mut. Ins. Co. V. Gwinner Oil Co., 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it " is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; see also General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

Vesey, 338 F.3d at 916-17.

### III. Analysis

Under Fed. R. Civ. P. 26(a)(2)(B), a report disclosing expert testimony must contain:

> [A] complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Defendant moves to exclude plaintiff's expert for three reasons: (1) the report fails to comply with the Court's Second Amended Scheduling Order (Doc. No. 35), (2) the report does not comport with the letter or spirit of Fed. R. Civ. P. 26(a)(2)(B), and (3) the report fails to satisfy minimum evidentiary standards imposed by Fed. R. Evid. 702 and Daubert. The Court's Scheduling Order (Doc. No. 35) states that expert affidavits should be submitted in compliance with Rule 26(a)(2)(B). Defendant argues the report fails to

2

comply with the Court's Scheduling Order and Rule 26 because the expert affidavit submitted by plaintiff is devoid of any statement of opinion. Defendant states the exhibit attached to the report is a chart entitled "Tri-State Hardware Inc. From U.S. Income Tax Return for an S Corp." However, defendant notes that there is nothing in the report describing the content of the chart nor the opinions reflected by the chart. Thus, based on the plaintiff's failure to comply with the Scheduling and Rule 26, defendant requests the exclusion of plaintiff's expert affidavit.

Defendant further argues even if the expert affidavit complied with the Scheduling Order and Rule 26, the report should still be excluded because it fails to meet the requirements of Rule 702 and Daubert. Defendant states that plaintiff's expert only provides "general, abbreviated and non-specific information regarding Myer's qualifications." Defendant also notes the report fails to indicate any conclusion whatsoever, makes no connection between the facts of the case and his conclusions, and lacks the expert's methodology and analysis. Therefore, defendant reasons one cannot deem the report reliable or relevant when the report is missing crucial information.

Finally, defendant requests an extension of time to designate its own expert and to conduct expert discovery if this motion is denied. Defendant requests that the Court grant it 30 days after the Court's ruling on this motion or fourteen days after the deposition of plaintiff's expert if the motion is denied to designate its expert witness.

Plaintiff responds that it has complied with the Scheduling Order and Rule 26. Plaintiff states that the chart provided in the report is a much easier and concise way to state the opinions of its expert instead of sequentially numbered paragraphs. In response, plaintiff also attempted to explain the chart attached to plaintiff's expert's report. Plaintiff

3

requested the Court for time to correct the report if the Court found the opinion to be deficient.

Plaintiff counters defendant's claim that plaintiff's expert should be excluded under Rule 702 by pointing to its expert's qualifications. Plaintiff notes its expert is a certified CPA with experience in business valuation and that his opinion and calculations are based upon historical evidence of income and expenses of a 40-year business.

Defendant replies that plaintiff's attempt at explaining the chart in its response is still insufficient because the "why" and "how" of the expert's conclusion is absent. Defendant notes that plaintiff has filed a three-count petition and defendant is unclear whether the expert's report applies to all of plaintiff's claims or to just one claim. Defendant also argues plaintiff has failed to counter defendant's argument that the report should be excluded under Rule 702. Defendant states plaintiff must show that its expert's reasoning and methodology was applied properly to the facts of this case, but plaintiff has failed to do so. Defendant contends that even if plaintiff's expert is qualified to render an opinion in this matter, the report is nonetheless inadmissible for failing to describe the analysis and methodology underlying the expert's opinions.

The Court finds plaintiff's expert affidavit lacks the specificity required by the Scheduling Order and Rule 26. The Scheduling Order clearly states that "[o]ne of the purposes of the expert affidavit is to set forth the substance of a direct examination. If properly done, the expert affidavit should eliminate the need for deposing some experts. Consequently, the detailed statements in the affidavit are essential." See Doc. No. 35, ¶7(b). As it reads now, the affidavit of plaintiff's expert does not provide defendant with the substance of the expert's testimony so that defendant could prepare to meet the testimony

at trial. The Court hereby orders plaintiff to supplement its expert affidavit and to file the affidavit by **Friday, August 3, 2007** so as to comply with the Court's Scheduling Order and Rule 26. If plaintiff's supplement to the expert affidavit fails to comply the Scheduling Order and Rule 26, then defendant may renew its motion to exclude plaintiff's expert. Therefore, the Court provisionally **DENIES** defendant's motion to exclude the testimony of plaintiff's expert (Doc. No. 40).

Additionally, since defendant's request for an extension of time is contingent on whether plaintiff sufficiently supplements its expert affidavit, the Court will defer ruling on defendant's request for an extension of time until August 3, 2007.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Exclude the Designation and Testimony of Plaintiff's Expert and for Extension of Time to Designate its Expert Witness (Doc. No. 40) is provisionally **DENIED**. The Court orders plaintiff to supplement its expert affidavit and file the affidavit by **Friday, August 3, 2007** so as to comply with the Court's Scheduling Order and Rule 26.

**IT IS SO ORDERED.**

Date: 7/24/07                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
                                             Chief United States District Judge